**DONALD W. COOK**, CSB 116666
ATTORNEY AT LAW
3435 Wilshire Blvd., Suite 2910
Los Angeles, CA  90010
(213) 252-9444 / (213) 252-0091 facsimile
E-mail: manncook@earthlink.net

Attorney for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOLIE DANSBY, individually, and J. R. and T. R., both minors, by their Guardian *ad litem*, Jolie Dansby,<br><br>               Plaintiffs,<br><br>vs.<br><br>COUNTY OF LOS ANGELES, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, DEPUTY ARMANDO AREVALO (#441870), DEPUTY DANIEL MACHUCA (#503594), DCFS AGENT MARIBEL ROJAS (#486263), AND DOES 1-10, all individuals in both their individual and official capacities,<br><br>               Defendants. | Case No. 2:18-cv-5866<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. 42 U.S.C. § 1983 - Fourth Amendment / Unreasonable Search<br>2.  42 U.S.C. §1983 - Fourth Amendment / No Probable Cause<br>3. 42 U.S.C. § 1983 - Fourth Amendment / False Arrest<br>4.  42 U.S.C. § 1983 - Fourteenth Amendment / Interference with Familial Relationship<br>5. Cal. Civ. Code § 52.1(b)<br>6. Cal. Constitution, Art. I § 13<br>7. False Arrest / Imprisonment<br>8. Intentional Infliction of Emotional Distress<br><br>**<u>DEMAND FOR JURY TRIAL</u>** |

00126306.WPD

## I.     OVERVIEW.

1. This case shows the willingness on the part of the County of Los Angeles, through its officials, ostensibly employed to serve the public, to turn upside down law enforcement objectives. These officials conspired to deny Plaintiffs their constitutional rights via tactics made famous by the Gestapo's policy of *Sippenhaft,* though neither invented by nor exclusive to the National Socialists of the Third Reich, e.g., as one historical example Lavrenti Beria of Soviet NKVD fame, and present day practitioners Democratic People's Republic of Korea (aka North Korea) and Assad's Syrian secret police.

2. Here, to induce a 42-year old mother to "talk" and implicate a one-time acquaintance in a crime the Los Angeles Sheriff's Department was investigating, County officials conspired to hold the mother's minor children hostage while simultaneously fabricating a criminal case against the mother along with claims of child neglect, all based on evidence officials *knew* was non-existent and/or fabricated. County officials thus twice arrested the mother without probable cause she had committed any crime; incarcerated her for three days following the second arrest; and took custody of her two young daughters in an ultimately failed effort to have a dependency court declare her an unfit parent.

## II.     JURISDICTION.

3. Plaintiffs' claims arise under 42 U.S.C. §1983. Accordingly, federal jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343. The Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a).

4. Plaintiffs' claims arise out of acts of the County of Los Angeles ("County"), the Los Angeles County Sheriff's Department ("LASD") and the Los Angeles County Department of Children and Family Services ("DCFS"), which took place in the County

00126306.WPD

of Los Angeles. Accordingly, venue is proper within the Central District of California.

## III.   PARTIES.

### A.   Plaintiffs.

5. Plaintiff Jolie Dansby ("Dansby") is a single mother who is gainfully employed as a Certified Nursing Assistant. J.R. and T.R. are Ms. Dansby's minor daughters, who were ages 12 and 9 respectively, at the time of the incident, and whose claims are prosecuted by their guardian ad litem Ms. Dansby.[1] At all times material hereto Plaintiffs were residing in the County of Los Angeles.

### B.   Defendants.

6. Defendant County is a local governmental entity organized and existing under the laws of the State of California. Defendants LASD and DCFS are public entities within the meaning of California law, and are County agencies.

7. Defendant MARIBEL ROJAS (#486263) ("ROJAS") is an individual and, Plaintiffs are informed and based thereon allege, was at all times relevant hereto a social worker employed by DCFS acting in the course and scope of her employment.

8. Defendants ARMANDO AREVALO (#441870) ("AREVALO") and DANIEL MACHUCA (#503694) ("MACHUCA") are individuals and, Plaintiffs are informed and based thereon allege, were at all times relevant hereto employed as deputy sheriffs for defendant LASD, acting in the course and scope of their employment and assignments to LASD's OSS (*O*peration *S*afe *S*treet) Bureau operating out of the LASD Century Station.

9. Plaintiffs are ignorant of the true names and capacities of defendants sued herein as DOES, and therefore sue these defendants by fictitious names.  Plaintiffs will give

---

[1] Pursuant to F.R.Cv.P. 5.2(a), the minors are identified by their initials and not their full names.

00126306.WPD

notice of their true names and capacities when ascertained.  Plaintiffs are informed and believe and thereon allege that defendant DOES are responsible in some manner for the damages and injuries hereinafter complained of.

10. All individual defendants are sued in both their official and individual capacities.

11. The complained of acts and omissions were performed by persons within the course and scope of employment with their respective employers, County, LASD and/or DCFS. All acts and omissions were under color of state law. All acts and/or omissions of individual defendants were malicious and intentional, with either the intent to deprive Plaintiffs of their constitutional rights or with reckless disregard to their constitutional rights.

## IV.    ADMINISTRATIVE CLAIM FILING.

12. The events alleged in greater detail below and which give rise to Plaintiffs' claims, occurred beginning on September 15, 2017. For purposes of the state law claims, within six months, or more specifically on March 14, 2018, Plaintiffs filed with the County, administrative claims in substantial compliance with Cal. Gov't Code § 910. The claims sought compensation based on the basic facts of what occurred beginning September 15, 2017 and continuing thereafter, and Plaintiffs' subsequent injuries. By noticed mailed May 30, 2018, the County has denied the claims.

## V.    FACTS COMMON TO ALL CLAIMS.

13. In early 2017, Plaintiff Ms. Dansby, single, became acquainted with one Nolan McCarter, an adult male, whom she began seeing socially. Unbeknownst to Ms. Dansby, Mr. McCarter was the defendant in *People v. McCarter*, L.A.S.C. No. VA141845, in which he was charged with felony vandalism. Following a jury trial, Mr. McCarter was convicted of the vandalism charge. The court ordered he return on May 24, 2017, for

-4-

00126306.WPD

sentencing (he was free on bond).

14. Shortly before his sentencing date, Mr. McCarter informed Ms. Dansby he would be surrendering to authorities on May 24 and expected he would be incarcerated. Mr. McCarter asked Ms. Dansby if she would store some of his personal belongings while he was incarcerated; Ms. Dansby agreed. On May 24, 2017, Ms. Dansby drove Mr. McCarter to the Norwalk courthouse where he appeared on his criminal case, was sentenced to two years in state prison, and taken into custody to begin serving his sentence. Ms. Dansby took the clothing and a few boxes containing personal items Mr. McCarter gave her to store. Other than believing the boxes contained personal items, Ms. Dansby did not know what was inside the boxes -- she did not look inside and Mr. McCarter did not describe the boxes' contents. Ms. Dansby stored the clothing and boxes in a locked closet in her home, a closet she kept locked because of personal valuables of her own she kept there.

15. Plaintiffs are informed and believes and based thereon allege that during the prosecution of *People v. McCarter* and even following Mr. McCarter's sentencing, LASD officials were attempting to induce Mr. McCarter to provide information on a drive-by shooting and attempted homicide the officials were investigating, to no avail. Plaintiffs are informed and believe and based thereon allege that because of the officials' frustration in trying to induce Mr. McCarter to provide information, the officials, which probably included defendants AREVALO and MACHUCA, hatched a plan to bring, they hoped, additional pressure on Mr. McCarter to talk. As further explained below, the plan included arresting and prosecuting persons believed to be Mr. McCarter's close friends and/or family members, efforts that would include threatening the family members and friends with criminal prosecutions based on fabricated evidence.

16. Consequently, Plaintiffs are informed and believe and based thereon allege that

00126306.WPD

on or about September 15, 2017 Defendant AREVALO obtained a search warrant, which he, MACHUCA and other LASD personnel served at Plaintiffs' home on or about September 20, 2017. Plaintiffs are informed and believe and based thereon allege, the warrant was without probable cause in that AREVALO's affidavit made in support of the warrant, contained misleading statements and omitted material information. AREVALO and other unknown deputies acted intentionally or recklessly when they made these misleading statements and omitted material information, and did so in an effort to mislead the magistrate whose approval they sought for the warrant.

17. Plaintiffs are informed and believe and based thereon allege that any reasonably competent investigation would have revealed it was objectively unreasonable to believe Plaintiff Dansby was implicated in any crime defendants were investigating.  Plaintiffs are informed and believe that any reasonably competent or honest investigation would have revealed it was unreasonable to believe contraband and/or evidence of crime were likely to be found in Plaintiffs' home.

18. When defendants AREVALO and MACHUCA and others executed the search warrant at Plaintiffs' home on or about September 20, 2017, Plaintiff Dansby was not home (she had left briefly to go to a nearby store); only her minor daughters T.R. and J.R. (ages 9 and 12 at the time) were home, along with her adult son. Plaintiffs are informed and believe and based thereon allege that nevertheless, defendants continued with the search. The actions of defendants and others frightened Plaintiffs T.R. and J.R. Plaintiff Dansby arrived home after the deputies had left, to find they had broken into a locked closet (for which Plaintiff Dansby had the only key) and seized items Plaintiff Dansby had been storing for Mr. McCarter. One or more of the items seized was a box (or boxes) belonging to Mr. McCarter that unbeknownst to Ms. Dansby, contained ammunition.

19.  Thereafter, on September 26, 2017 at the request of defendants AREVALO

and MACHUCA, Plaintiff Ms. Dansby voluntary went to the LASD station, waived her *Miranda* rights and submitted to an interview conducted by defendants AREVALO and MACHUCA. Ms. Dansby explained that though she had agreed to store Mr. McCarter's items, she was unaware the items included ammunition because she did not know the contents of any of Mr. McCarter's boxes. Ms. Dansby stated she kept Mr. McCarter's boxes in the locked closet and that she had the only key to the closet. Notwithstanding Ms. Dansby's explanation and the absence of any evidence that her explanation was false, or that Ms. Dansby did, in fact, know that one or more boxes contained ammunition, defendants arrested Ms. Dansby for knowingly possessing ammunition after having been convicted of a felony (a 1993 felony conviction under Cal. Health & Safety Code § 11352, expunged December 17, 2013 pursuant to Cal. Pen. Code § 1203.4).

20. After holding Ms. Dansby in custody for over 12 hours on the bogus felony charge, LASD officials released her because defendant AREVALO knew there was not probable cause to arrest, *i.e.,* in writing AREVALO admitted there was no evidence Ms. Dansby knew that one or more of Mr. McCarter's boxes contained ammunition. Ms. Dansby was set free at about 8:01 a.m. on September 27, 2017.

21. Thereafter, and pursuant to LASD officials' desire to bring pressure on Mr. McCarter to talk as stated above in paragraph 15, on September 29, 2017, defendants AREVALO and MACHUCA traveled to R.J. Donovan Correctional Facility in San Diego County, a California state prison, to interview Mr. McCarter, then serving his two-year prison sentence. Plaintiffs are informed and believe and based thereon allege that defendants hoped to obtain information from Mr. McCarter which defendants could use to threaten Plaintiff Ms. Dansby with criminal prosecution, a prosecution defendants would use as leverage against Mr. McCarter on account of the perceived personal relationship between Ms. Dansby and Mr. McCarter. However, Mr. McCarter provided

00126306.WPD

1    no information that supported a criminal case against Ms. Dansby. Rather, the
2    information Mr. McCarter gave was consistent with Ms. Dansby's earlier statements that
3    she was unaware any of the boxes she had stored, contained ammunition.

4           22.   Notwithstanding the LASD's inability to obtain evidence implicating Ms.
5    Dansby in criminal activity, Plaintiffs are informed and believe and based thereon allege
6    that sometime before October 31, 2017, LASD officials defendants AREVALO and
7    MACHUCA obtained another search warrant for Plaintiffs' home and a *People v. Ramey*
8    warrant for Plaintiff Ms. Dansby's arrest. Plaintiffs are informed and believe and based
9    thereon allege that like the September 20 warrant, these warrants were  without probable
10   cause in that the affidavit(s) made in support of defendants' request for the warrants,
11   contained misleading statements and omitted material information. Plaintiffs are informed
12   and believe and based thereon allege that Defendants AREVALO, MACHUCA and
13   DOES acted intentionally or recklessly when they made these misleading statements and
14   omitted material information, and did so in an effort to mislead the magistrate whose
15   approval they sought for the warrants.
16
17          23.   Plaintiffs are informed and believe and based thereon allege that on or before
18   October 31, 2017,  Defendants AREVALO, MACHUCA and DOES contacted DCFS to
19   join the LASD in executing the warrants, because LASD officials expected to take away
20   from Ms. Dansby her parental custody and control over her two daughters J.R. and T.R.
21   Plaintiffs are informed and believe and based thereon allege that defendant ROJAS of the
22   DCFS accompanied AREVALO, MACHUCA and other LASD personnel in the
23   execution of the warrants. Plaintiffs are informed and believe and based thereon allege
24   that ROJAS's role was to take physical custody of J.R. and T.R. while also fabricating,
25   in ROJAS's capacity as a DCFS social worker, accusations that Ms. Dansby was unfit to
26   be a custodial parent of her two daughters.
27
28

-8-

24. On October 31, 2017, AREVALO, MACHUCA, LASD personnel and DOES executed the search and *Ramey* warrants. AREVALO and MACHUCA arrested Plaintiff Ms. Dansby without probable cause in that these defendants knew there was no evidence that Ms. Dansby knew there was ammunition amongst Mr. McCarter's belongings. During the warrants' execution, defendants, including ROJAS, forcibly took custody of J.R. and T.R. from Ms. Dansby even though ROJAS knew Ms. Dansby was a fit, loving, nurturing and caring parent who had been providing a safe and protective environment for her children. The objective in forcibly severing the familial relationship between Ms. Dansby and her daughters was to further the LASD objective as stated above in paragraph 15.

25. Thereafter, defendant ROJAS fabricated claims that Plaintiff Ms. Dansby was "negligent in providing basic necessities" for her daughters, that Ms. Dansby was "unable to provide care and supervision," and that J.R. and T.R. living with their mother were at " 'Very High' [risk] [for] general neglect and caretaker absence and incapacity," and "at risk of suffering serious physical harm." When ROJAS made these claims, in fact ROJAS knew Ms. Dansby was "Appropriate[ly] involve[d]" with her daughters' upraising, had been providing "adequate" "Child care" and "Housing," was "Law-abiding," and that her daughters were "doing well in school," were "Emotionally healthy," had "Extended Family/Friend Support," and "show[ed] age-appropriate development."

26. To further defendants' conspiratorial objective set forth in paragraph 15, ROJAS initiated the filing and prosecution of a Juvenile Dependency Petition pursuant to Cal. Welf. & Inst. Code § 300 *et seq.* In the Petition DCFS sought a court order to "terminat[e] [Ms. Dansby's] parental rights." In support thereof, ROJAS stated Mr. McCarter had told AREVALO, during the September 29, 2017 prison interview, the ammunition in the box(es) located in the closet "belonged to the mother, Jolie Dansby."

ROJAS further stated the ammunition was stored in Plaintiffs' home "within access" of Ms. Dansby's daughters. In fact, Mr. McCarter never made these statements to AREVALO or anyone else, or otherwise claimed in some manner that Ms. Dansby owned or possessed the ammunition. ROJAS's claims were false and defendants *knew* they were false:

> A. Defendant AREVALO admits in writing that Mr. McCarter never told AREVALO or anyone else, that the ammunition belonged to Ms. Dansby; that instead Mr. McCarter said *nothing* about who owned the ammunition and said *nothing* indicating Ms. Dansby knew she was storing or possessing ammunition.

> B. Defendants knew -- because they had to break open the locked closet door when they found the ammunition during the September 20, 2017 search -- that the closet door was secured by a deadbolt lock. Defendants further knew -- because AREVALO, MACHUCA, ROJAS and others had interviewed Ms. Dansby's minor and adult children -- that only Ms. Dansby could open the closet because she had the only known key.

27.  Plaintiffs are informed and believe and based thereon allege that on or about September 20, 2017 and October 31, 2017, while unlawfully within and about Plaintiffs' home and vehicles as set forth above, all defendants violated Plaintiffs' rights to be free from unreasonable searches by unreasonably interfering with and destroying Plaintiffs' real property and fixtures thereto, and Plaintiffs' personal property and personal effects, and/or causing the illegal interference with and destruction of Plaintiffs' real property and fixtures thereto, and Plaintiffs' personal property and personal effects, and/or were integrally involved in the illegal interference with and destruction of Plaintiffs' real property and fixtures thereto, and Plaintiffs' personal property and personal effects.

28.  Following Plaintiff Ms. Dansby's October 31, 2017 early morning arrest, she

00126306.WPD

was incarcerated in the Los Angeles County jail, Century station, on a felony charge. Because she was unable to post the $35,000 bail, she was held until November 2, 2017 when she was released at about 2:00 p.m. Despite the LASD request that she be criminally prosecuted, the district attorney concluded there was insufficient evidence she was guilty of any crime.

29. Though the prosecuting authority found that Ms. Dansby had committed no crime and ROJAS's admissions, as of October 31, 2017, that Ms. Dansby was actually a fit parent who provided her daughters a safe home and upbringing, DCFS prosecuted its petition in juvenile dependency court to deprive Ms. Dansby and her daughters of their familial relationship.

30. At the November 3, 2017 hearing on the DCFS petition to remove Plaintiffs J.R. and T.R. from the custody of their mother Ms. Dansby, the court restored custody of the children to Ms. Dansby. Later, the court on December 13, 2017, dismissed the DCFS petition as factually groundless.

31. Despite Ms. Dansby's vindications as shown by the district attorney's office's refusal to file charges and the juvenile court's ruling restoring Ms. Dansby's parental custodial rights, in furtherance of defendants' conspiratorial objectives set forth in paragraph 15, the LASD continued to threaten Ms. Dansby with criminal prosecution. By letter dated November 29, 2017, the LASD informed her "[a] complaint has been filed against you . . . alleging violation of Section(s): 30305(a) PC, Ex-Felon in Possession of Ammunition." The LASD directed Ms. Dansby to respond by appearing in the downtown criminal courts building (210 West Temple Street) "on January 31, 2018 at 8:30 a.m." The LASD further stated if she did not appear, her "failure to appear *will* result in the issuance of a warrant for [her] arrest." (Emphasis added.)

32. As directed, Ms. Dansby appeared in the criminal court on January 31, 2018.

00126306.WPD

Court personnel informed her, just as she was informed previously on November 2, 2017, that the district attorney had *not* filed any charges against her.

33.   Defendants County, LASD and DCFS are alleged to have maintained or permitted an official policy or custom or practice causing or permitting the occurrence of the types of wrongs set forth herein, knowingly, with gross negligence, or with deliberate indifference. Based on the principles set forth in *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978), and *City of Canton v. Harris*, 489 U.S. 378 (1989), are liable for all injuries sustained by any plaintiff as set forth herein below.

34.   Plaintiffs are informed and believe and based thereon allege, that defendants' conspiracy to violate Plaintiffs' rights as alleged in the preceding paragraphs, was approved and ratified by numerous LASD and County supervisors. Plaintiffs are informed and believe and based thereon allege that among the LASD supervisors who personally approved and ratified the wrongful warrant applications, searches, and the arrests of Ms. Dansby, were LASD Sgt. C. Walker (#410484) and LASD Capt. Kerry A. Carter ("Carter"), commanding officer of the LASD Century Station out of which defendants AREVALO and MACHUCA were assigned. Plaintiffs are further informed and believe and based thereon allege that pursuant to a long-standing LASD practice going back decades, as of September 2017 the LASD and its present Sheriff Jim McDonnell have delegated daily operational policy making decisions to Carter for all law enforcement operations conducted out of the LASD's Century Station. Pursuant to that delegation, Carter personally approved of the conspiratorial objectives set forth above, including falsely informing Plaintiff Ms. Dansby that she was being criminally prosecuted.

35.   All acts or omissions alleged and the violations of Plaintiffs' rights caused Plaintiffs' special and general damages, and emotional distress including but not limited

00126306.WPD

to fright, shock, embarrassment, anger, anxiety and other emotional distress.

## FIRST CAUSE OF ACTION

### (42 U.S.C. § 1983 – Fourth Amendment / Unreasonable Search)

(By All Plaintiffs against Defendants COUNTY, LASD,

AREVALO, MACHUCA and DOES)

36. Plaintiffs restate and incorporate by reference the foregoing paragraphs as if each paragraph was fully set forth herein.

37.  In violation of the Fourth Amendment, Defendants conducted unreasonable searches of Plaintiffs' home. Plaintiffs are informed and believe and based thereon allege that the conduct of each defendant violated the right of each Plaintiff to be secure in home, person, and effects against unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution and entitles each Plaintiff to recover damages pursuant to 42 U.S.C. § 1983. The conduct of the defendants which violated Plaintiffs' Fourth and Fourteenth Amendment rights included a conspiracy by one or more of the defendants to violate Plaintiffs' Fourth Amendment rights.

38. As a proximate result of these unlawful acts, Plaintiffs and each of them sustained injuries thereby entitling each Plaintiff to compensation under 42 U.S.C. §1983.

39. Plaintiffs are informed and believe and based thereon allege the unlawful searches  were in accordance with policies, practices and customs of defendants County and LASD, and were ratified and/or condoned and/or approved of by County's and LASD's final policymaker for law enforcement activities conducted out of the LASD Century Station.

///

///

-13-

**SECOND CAUSE OF ACTION**

**(42 U.S.C. § 1983 – Fourth Amendment / No Probable Cause)**

(By All Plaintiffs against

Defendants COUNTY, LASD, AREVALO, MACHUCA and DOES)

40. Plaintiffs restate and incorporate by reference the foregoing paragraphs as if each paragraph was fully set forth herein.

41. In violation of the Fourth Amendment, Defendants unlawfully obtained search and arrest warrants based upon false or misleading statements, and omissions of material fact, resulting in warrants for searches and arrest being issued without probable cause. Plaintiffs are informed and believe and based thereon allege that the conduct of each defendant violated the right of each Plaintiff to be secure in home, person, and effects against unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution and entitles each Plaintiff to recover damages pursuant to 42 U.S.C. § 1983. The conduct of the defendants which violated Plaintiffs' Fourth and Fourteenth Amendment rights included a conspiracy by one or more of the defendants to violate Plaintiffs' Fourth Amendment rights.

42. As a proximate result of these unlawful acts, Plaintiffs and each of them sustained injuries thereby entitling each Plaintiff to compensation under 42 U.S.C. § 1983.

43. Plaintiffs are informed and believe and based thereon allege the unlawful procurement of warrants based upon false or misleading statements, and omissions of material fact, resulting in warrants for searches and arrest being issued without probable cause, was in accordance with policies, practices and customs of defendants County and LASD, and were ratified and/or condoned and/or approved of by County's and LASD's final policymaker for law enforcement activities conducted out of the LASD Century

Station.

## THIRD CAUSE OF ACTION

### (42 U.S.C. § 1983 - Fourth Amendment / False Arrest)

(By Plaintiff Dansby against

Defendants COUNTY, LASD AREVALO, MACHUCA and DOES)

44. Plaintiffs restate and incorporate by reference the foregoing paragraphs as if each paragraph was fully set forth herein.

45. On September 26, 2017 and October 31, 2017, defendants and unknown LASD personnel arrested Plaintiff Dansby. The arrests were without probable cause or reasonable suspicion that Plaintiff Dansby was suspected of having committed a crime. As a proximate result of the unlawful arrest, Plaintiff Dansby is entitled to compensation under 42 U.S.C. § 1983.

46. The unlawful arrests were in accordance with policies, practices and customs of defendants County and LASD, and were ratified and/or condoned, and/or approved of by the County's and LASD's final policymaker for law enforcement activities conducted out of the LASD Century Station.

## FOURTH CAUSE OF ACTION

### (42 U.S.C. § 1983 -

### Fourteenth Amendment / Interference with Familial Relationship)

(By All Plaintiffs against All Defendants)

47. Plaintiffs restate and incorporate by reference the foregoing paragraphs as if each paragraph was fully set forth herein.

48. The conduct of each defendant violated the rights of plaintiffs to due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution and entitles plaintiffs to recover damages pursuant to 42 U.S.C. §1983. The due process

-15-

00126306.WPD

violations include defendants' unlawfully obtaining warrants based upon false or misleading statements, and omissions of material fact, resulting in warrants for searches and arrest being issued without probable cause; the filing of false and misleading statements in the Child Welfare Services Initial Case Plan, the Juvenile Dependency Petition and the Detention Report; removing the children from Ms. Dansby's custody without reasonable cause; and conspiring with one another; all with the purpose and effect of causing serious interference with and disruption of plaintiffs' familial relationships.

49. Defendants' actions unconstitutionally interfered with Plaintiffs Dansby's, T.R's and J.R.'s familial relationships guaranteed by the Fourteenth Amendment.

50. As a proximate result of these unlawful acts, Plaintiffs and each of them sustained injuries thereby entitling each Plaintiff to compensation under 42 U.S.C. § 1983.

51. Plaintiffs are informed and believe and based thereon allege the unlawful acts were in accordance with policies, practices and customs of defendants County, LASD and DCFS, and were ratified and/or condoned and/or approved of by County's, LASD's and/or DCFS's final policymaker for law enforcement activities conducted out of the LASD Century Station.

## FIFTH CAUSE OF ACTION

### (Cal. Civ. Code § 52.1(b))

(All Plaintiffs against Defendant County only)

52. Plaintiffs restate and incorporate by reference the foregoing paragraphs as if each paragraph was fully set forth herein.

53. In committing the acts alleged above, LASD and DCFS employees interfered with and/or attempted to interfere with Plaintiffs' rights, by threats, intimidation and/or

00126306.WPD

coercion as follows:

   A. Obtaining warrants without probable cause based upon affidavits that contained misleading statements and omitted material information in violation of the Fourth Amendment to the United States Constitution, and Art. I §13 of the California constitution;

   B. Conducting unreasonable searches in violation of the Fourth Amendment to the United States Constitution, and Art. I §13 of the California constitution;

   C. Arresting Plaintiff Dansby without probable cause, more than once, in violation of the Fourth Amendment to the United States Constitution, and Art. I §13 of the California constitution; and

   D. Causing Plaintiffs J.R. and T.R. to be taken from their mother's custody, without reasonable cause in violation of the Fourteenth Amendment, and attempting to sever the familial relationship between Ms. Dansby and her two daughters.

54. Defendants AREVALO, MACHUCA, ROJAS and DOES had no reasonable cause to believe that Plaintiff Dansby had committed any crime, or that there was probable cause to search her home, or that there was reasonable cause to remove her children from her custody, and instead used their power as a way to intimidate, threaten and coerce Plaintiff Dansby into providing information about a criminal suspect, Mr. McCarter.

55. Defendant County is liable for the misconduct of its employees under Cal. Gov't Code § 815.2.

///

///

///

### SIXTH CAUSE OF ACTION

### (Unlawful Search & Seizure - Cal. Const. Art. I § 13)

(By All Plaintiffs against Defendant County only)

56. Plaintiffs restate and incorporate by reference the foregoing paragraphs as if each paragraph was fully set forth herein.

57. The obtaining of warrants without probable cause and which were approved based upon affidavits intentionally containing incorrect and misleading information, and which omitted material facts, the searches of Plaintiffs' home, and the arrest of Plaintiff Dansby, all violated Plaintiffs' rights protected under Art. I § 13 of the California Constitution prohibiting unreasonable searches and seizures. Plaintiffs are therefore entitled to recover compensatory damages according to proof.

58. Defendant County is liable for the misconduct of its employees under Cal. Gov't Code § 815.2.

### SEVENTH CAUSE OF ACTION

### (False Arrest / Imprisonment)

(By Plaintiff Dansby against Defendant County only)

59. Plaintiff restates and incorporates by reference the foregoing paragraphs as if each paragraph was fully set forth herein.

60. On or about September 26, 2015, defendants AREVALO and MACHUCA conducted, assisted in conducting, and conspired to conduct, a wrongful arrest/imprisonment of Plaintiff Ms. Dansby without a warrant. They knew there was no probable cause for Dansby's arrest. Dansby was released hours later based upon LASD's admission there was "insufficient evidence" for concluding that Ms. Dansby had committed a crime.

61. On or before October 31, 2017, defendants AREVALO and MACHUCA and

00126306.WPD

DOES obtained an arrest warrant which they knew or should have known lacked probable cause, and which was the basis for the arrest of Plaintiff Ms. Dansby on October 31, 2017. Plaintiff Dansby was later released from custody when no charges were filed.

62.  Defendants AREVALO, MACHUCA, and DOES had no reasonable cause to believe that Plaintiff Dansby had committed any crime, and instead used their power to arrest her as a way to intimidate, threaten and coerce her into providing information about a criminal suspect, Mr. McCarter.

63.  Plaintiff Dansby was imprisoned and sustained the damages set forth herein. Such false arrest/imprisonment was a substantial factor in causing injury, damage, loss, or harm to Plaintiff.

### EIGHTH CAUSE OF ACTION

(Intentional Infliction of Emotional Distress)

(By All Plaintiffs against Defendant County only)

64. Plaintiffs restate and incorporate by reference the foregoing paragraphs as if each paragraph was fully set forth herein.

65.  The acts of defendants AREVALO, MACHUCA, ROJAS and DOES as complained of herein, were outrageous.

66.  AREVALO, MACHUCA, ROJAS and DOES acted with reckless disregard of the probability that Plaintiffs would suffer emotional distress, knowing that Plaintiffs were present when the conduct occurred.

67.  Plaintiffs suffered severe emotional distress.

68.  Defendants' conduct was a substantial factor in causing Plaintiffs' severe emotional distress.

///

///

00126306.WPD

## VI.    PRAYER

WHEREFORE, Plaintiffs pray judgment as follows:

**On the First, Second, Third and Fourth Causes of Action:**

69. That Plaintiffs be awarded compensatory damages according to proof;

70. As against individual defendants sued in their individual capacities, punitive damages in an amount according to proof;

71. Attorneys' fees and costs under 42 U.S.C. § 1988;

**On the Fifth Cause of Action:**

72. That Plaintiffs be awarded compensatory damages according to proof for injuries proximately caused by the wrongful acts;

73. Statutory penalties recoverable under California law for each violation of Cal. Civ. Code §52.1;

74. Attorneys' fees and costs under Cal. Civ. Code §52.1(h), and California's private attorney general doctrine.

**On the Sixth Cause of Action:**

75. That Plaintiffs be awarded compensatory damages according to proof for their injuries proximately caused by the wrongful acts;

76. Attorneys' fees and costs under California's private attorney general doctrine.

**On the Seventh Cause of Action:**

77. That Plaintiff Dansby be awarded compensatory damages according to proof;

**On the Eighth Cause of Action:**

78.   That Plaintiffs be awarded compensatory damages according to proof;

///

///

///

00126306.WPD

**On All Causes of Action:**

79. Costs of suit; and

80. Such other relief as the Court deems proper.

DATED: July 4, 2018

**DONALD W. COOK**
Attorney for Plaintiffs

By_____
Donald W. Cook

00126306.WPD

1

**DEMAND FOR JURY TRIAL**

2

Plaintiffs demand a trial by jury.

3

DATED: July 4, 2018

4

**DONALD W. COOK**
Attorney for Plaintiffs

5

6

7

By____  _____

8

Donald W. Cook

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

00126306.WPD