**MARK D. RUTTER (SBN 058194)**
**SCOTT J. CARPENTER (SBN 253339)**
**CARPENTER, ROTHANS & DUMONT**
**500 S. Grand Ave., 19th Floor**
**Los Angeles, California 90071**
**Telephone: (213) 228-0400**
**Facsimile: (213) 228-0401**
**Email: mrutter@crdlaw.com | scarpenter@crdlaw.com**

Attorneys for Defendants County of Los Angeles, Los Angeles County Sheriff's Department, and Los Angeles County Department of Children and Family Services, public entities

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOLIE DANSBY, individually, and J.R. and T.R., both minors, by their Guardian ad litem, Jolie Dansby,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF LOS ANGELES, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, DEPUTY ARMANDO AREVALO (#441870), DEPUTY DANIEL MACHUCA (#503594), DCFS AGENT MARIBEL ROJAS (#486263), AND DOES 1-10, all individuals in both their individual and official capacities.<br><br>Defendants. | Case No.: 2:18-cv-5866-SJO-SKx<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT FOR DAMAGES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**[Fed. R. Civ. P., 12(b)(6)]**<br><br>DATE: October 15, 2018<br>TIME: 10;00 a.m.<br>COURTROOM: 10C<br><br>Discovery Cut-Off: Not Set<br>Motion Cut-Off: Not Set<br>Pre-Trial Conf.: Not Set<br>Trial: Not Set |

PLEASE TAKE NOTICE that on May 29, 2018, at 10:00 a.m., or as soon thereafter as counsel may be heard in Courtroom "10C" of the United States District Court, Central District, located at 350 W. 1st Street, Los Angeles, California 90012, Defendants County of Los Angeles (the "County"), Los Angeles County Sheriff's Department ("LASD"), and Los Angeles County

- 1 -
NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

Department of Children and Family Services ("DCFS"), public entities, will and hereby move this Court for an Order dismissing the Plaintiffs' Complaint for Damages pursuant to Fed. R. Civ. P., 12(b)(6). This motion is made on the following grounds:

1. All claims brought against LASD and DCFS should be dismissed as superfluous and redundant because the County of Los Angeles is already a named Defendant based on the same theories of liability.

2. Plaintiffs' claims brought pursuant to 42 U.S.C. § 1983 against the County, as well as LASD and DCFS, fail to state a claim upon which relief can be granted under Monell.

This motion was filed following meet and confer efforts by defense counsel of September 5, 2018 and September 7, 2018 in attempts to comply with Central District, Local Rule 7-3. See Carpenter Declaration.

This motion will be made and based on this Notice of Motion, the Memorandum of Points and Authorities, the pleadings and records on file with this court, any evidence of which this Honorable Court may further take judicial notice prior to or at the hearing of this matter, and upon such oral or documentary evidence as may be presented at the hearing of this motion.

DATED: September 14, 2018              CARPENTER, ROTHANS & DUMONT

                                       */s/ Scott J. Carpenter*
                                By:    _____
                                       MARK RUTTER
                                       SCOTT J. CARPENTER
                                       Attorneys for Defendants,
                                       COUNTY OF LOS ANGELES, L.A.
                                       SHERIFF'S DEPARTMENT, L.A.
                                       DEPARTMENT OF CHILDREN AND
                                       FAMILY SERVICES

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Heedlessly comparing defendants' to the Nazis, Soviet NKVD, North Koreans, and Assad-lead Syrians (Compl. ¶ 1), plaintiffs bring this action claiming a conspiratorial plan to supposedly persecute plaintiffs, under false pretenses, in order to apply pressure on a third party to provide information related to a drive-by-shooting. As part of this purported conspiracy, plaintiffs claim that defendants executed lawfully-executed search warrants based on false statements, arrested plaintiff Dansby without probable cause, and fabricated allegations in an attempt to cause Dansby to loose custody of her minor children. Id. at ¶¶ 22-30.

Plaintiffs bring claims against the County of Los Angeles (the "County"), Los Angeles County Sheriff's Department ("LASD"), and Los Angeles County Department of Children and Family Services ("DCFS"), LASD Deputies A. Arevalo and D. Machuca, as well as DFCS employee M. Rojas. Plaintiffs assert federal claims under 42 U.S.C. § 1983 for unreasonable search, false arrest, and interference with familial relationship. Plaintiffs also assert state law claims, including violation of California Civil Code § 52.1, false arrest, unreasonable search and seizure, and intentional infliction of emotional distress.

This Motion to Dismiss is brought by the County, LASD, and DCFS seeking to dismiss the claims against these entity defendants. First, given that the County is already sued under the same theories of liability, inclusion of the County's sub-units LASD and DCFS is superfluous and redundant. Second, with nothing more than passing legal conclusions that the City acted pursuant to unconstitutional policy, custom and practices, plaintiffs have failed to legally state a cognizable claim against the municipality defendants. See Monell v. Department of Social Services of City of New York, 436 U.S. 658 (1978).

## II. LEGAL STANDARD ON MOTION TO DISMISS

Federal Rules of Civil Procedure, Rule 12(b)(6) authorizes a motion to dismiss a claim where a complaint fails to state facts sufficient to support a claim upon which relief can be granted. FED. R. CIV. P. 12 (b)(6). A motion to dismiss under Rule 12(b)(6) is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988); Weisbuch v. County of Los Angeles, 119 F.3d 778, 783 (9th Cir. 1997).

In Bell Atlantic Corporation v. Twombly, 550 U.S. 544 (2007), the Supreme Court discussed a motion to dismiss for failure to state a claim in light of Federal Rule of Civil Procedure, Rule 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." In Twombly, the Court recognized that Rule 8 does not require "detailed factual allegations," but it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' [Citation omitted]. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' [Citation omitted.]" Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 557). In Iqbal, the Supreme Court discussed that:

> **First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.** [Citation omitted]. (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation"). Rule 8 marks a notable and generous departure

1     from the hyper-technical, code-pleading regime of a prior era, but it
2     does not unlock the doors of discovery for a plaintiff armed with
3     nothing more than conclusions.

4 Id. at 678-79 (emphasis added). The second principle enunciated by the Court in
5 Twombly focuses on the plausibility of a claim for relief:

6     Second, only a complaint that states a plausible claim for relief
7     survives a motion to dismiss. [Citation omitted]. Determining
8     whether a complaint states a plausible claim for relief will . . . be a
9     context-specific task that requires the reviewing court to draw on its
10     judicial experience and common sense. [Citation omitted]. But where
11     the well-pleaded facts do not permit the court to infer more than the
12     mere possibility of misconduct, the complaint has alleged – but it has
13     not "show[n]" – "that the pleader is entitled to relief." [Citation
14     omitted].

15 Id. at 679. In other words, the plaintiff's pleading must contain facts that "nudge[]
16 [her] claims . . . across the line from conceivable to plausible." Id. at 680, *citing*
17 Twombly, 550 U.S. at 570.

18 **IV.**   **STATEMENT OF LAW**
19     **A.**     **LASD and DCFS Should Be Dismissed As Redundant.**
20     The Court should dismiss LASD and DCFS from this action. Since
21 plaintiffs have also named and asserted the same theories of liability against the
22 County of Los Angeles, from which any recovery of damages would ultimately
23 come, LASD and DCFS are superfluous and redundant defendants and their
24 inclusion is unnecessary. Courts have held that naming as defendants both a
25 municipality and a sub-unit or department of that municipality is redundant, and
26 have therefore dismissed the sub-unit defendants. See, e.g., Mistriel v. Kern
27 County, 2011 U.S. Dist. LEXIS 24579, at *11 (E.D. Cal. Mar. 10, 2011) (citing
28 Abeytia v. Fresno Police Dep't, 2009 U.S. Dist. LEXIS 49500, at *9 (E.D. Cal.

June 12, 2009) ("Naming the [Fresno Police Department], which is a department of the City, as a defendant is redundant to naming the City of Fresno as a defendant.").

## B. The Noerr-Pennington Doctrine Protects The City's Petitioning-Related Activities.

To establish a *prima facie* case under Section 1983, a plaintiff must prove two essential elements. First, a plaintiff must prove that "the conduct complained of was committed by a person acting under color of state law." Parratt v. Taylor, 451 U.S. 527, 535 (1991). Second, it must be demonstrated that "this conduct deprived a person of rights, privileges, or immunities secured under the Constitution or laws of the United States." Id.; see also West v. Atkins, 487 U.S. 42 (1988).

In Monell v. Department of Social Services of City of New York, 436 U.S. 658 (1978), the Supreme Court rejected the proposition that a governmental entity may be held liable under a *respondeat superior* theory for an injury caused solely by its employees or agents. Instead, the Court held that to maintain a cause of action against a governmental entity for a civil rights violation under 42 U.S.C. § 1983, a plaintiff must establish that the governmental entity had a "custom, practice, and policy" that led to a violation of civil rights. Id. at 694. Specifically, the Court stated, "the language of Section 1983, read against the background of its legislative history, compels the conclusion that Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some sort caused a constitutional tort." Id. at 691.

As such, liability under Monell may attach when an employee acts pursuant to an expressly adopted official policy. Lytle v. Carl, 382 F.3d 978, 981 (9th Cir. 2004); see also Gibson v. County of Washoe, Nev., 290 F.3d 1175, 1185 (9th Cir. 2002), *cert. denied*, 537 U.S. 1106 (2003). Additionally, liability may attach when an employee commits a constitutional violation pursuant to a "longstanding

- 4 -
NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

practice or custom." Webb v. Sloan, 330 F.3d 1158, 1164 (9th Cir. 2003), *cert. denied*, 540 U.S. 1141 (2004).  Such a "custom or practice" must be so "persistent and widespread" that it constitutes a "permanent and well settled city policy." Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996) (citing Monell, 436 U.S. at 691); Gillette v. Delmore, 979 F.2d 1342, 1349 (9th Cir. 1992) (requiring a plaintiff to present evidence establishing "the existence of a widespread practice that . . . is so permanent and well-settled as to constitute a 'custom or usage' with the force of law.").

      As noted above, to survive a motion to dismiss, a plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.  However, the Supreme Court has held that this "plausibility" standard "asks for more than a sheer possibility that a defendant has acted unlawfully" and "stops short of the line between possibility and plausibility." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557).

      When applying this pleading standard to claims for municipal liability under 42 U.S.C. § 1983 and Monell, "**courts have repeatedly rejected conclusory Monell allegations that lack factual content from which one could plausibly infer Monell liability**." Wilson ex rel. Bevard v. City of W. Sacramento, 2014 U.S. Dist. LEXIS 56013, at *5-6 (E.D. Cal. Apr. 22, 2014) (citing Rodriguez v. City of Modesto, 535 Fed. App'x. 643, 646 (9th Cir. 2013)) (emphasis added). Plaintiffs fails to meet this threshold.

      Here, plaintiffs' Complaint largely contains marked legal conclusions that the County, LASD and DCFS "maintained or permitted an official policy or custom or practice causing or permitting the occurrence of the types of wrongs set forth [in the Complaint], knowingly, with gross negligence, or with deliberate indifference." Compl. ¶ 33.  Yet, these allegations are simply too conclusory to survive a motion to dismiss.  As the Court explained in Via v. City of Fairfield, 833 F. Supp. 2d 1189 (E.D. Cal. 2011):

> This low threshold for pleading a <u>Monell</u> claim, however, cannot survive after the Supreme Court rejected "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" in <u>Iqbal</u>. Since <u>Iqbal</u>, courts have repeatedly rejected such conclusory allegations that lack factual content from which one could plausibly infer <u>Monell</u> liability. <u>See e.g.</u>, <u>Palermo v. Town of N. Reading</u>, 370 Fed. App'x. 128, 131 n.4 (10th Cir. 2010) (dismissing a <u>Monell</u> claim when "the complaint as a whole contained no factual assertions whatsoever regarding Town policy"). **Although plaintiff may benefit from discovery, the Supreme Court has made it clear that threadbare allegations are insufficient to "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."**

<u>Id.</u> at 1196 (emphasis added) (citations omitted).

Plaintiffs simply provide no specific facts upon which to infer that any LASD deputies or DCFS employees were acting pursuant to established policy, or otherwise from a "**permanent** and well settled" County policy" or "**longstanding**" custom or practice. <u>Trevino</u>, 99 F.3d at 918 (emphasis added). Instead, plaintiffs seek to hold the entity defendants liable based purely on the sole dealings with plaintiffs. However, "isolated or sporadic incidents" of unconstitutional conduct cannot form the basis for a <u>Monell</u> claim. *<u>Trevino v. Gates</u>*, 99 F.3d 911, 918 (9th Cir. 1996)

Plaintiffs' allegations of ratification are also insufficient. First, plaintiffs must "prove[] the existence of an unconstitutional municipal policy," which they have not adequately alleged as explained above. Second, plaintiffs' allegations related to LASD Century Station Captain Carter falls short of pleading that he (i) is a County policymaker or (ii) that any decision he made related to plaintiffs was the product of a "conscious, affirmative choice" to ratify the conduct in question." <u>Gillette v. Delmore</u>, 979 F.2d 1342, 1347 (9th Cir. 1992) (citing <u>Pembaur v. City of Cincinnati</u>, 475 U.S. 469, 480-81 (1986)). As to Captain Carter, plaintiffs simply allege that he "falsely inform[ed] Plaintiff Ms. Dansby that she was being criminally prosecuted." Compl. ¶ 34. But there are no allegations that Captain Carter had knowledge of any supposed unconstitutional conduct or that he actually consciously approved of any such actions.

1   In all, plaintiffs' claims against the County, LASD, and DCFS fall short of
2 the pleading requirements for a <u>Monell</u> claim and should be dismissed.

3 **V.   <u>CONCLUSION</u>**

4   Defendants respectfully request that this Court grant the instant motion and
5 dismiss, and dismiss the federal claims against the County of Los Angeles, and all
6 claims against LASD and DCFS.

7 DATED:  September 14, 2018          CARPENTER, ROTHANS & DUMONT

                                       */s/ Scott J. Carpenter*
                               By:   _____
                                     STEVEN J. ROTHANS
                                     SCOTT J. CARPENTER
                                     Attorneys for Defendants,
                                     COUNTY OF LOS ANGELES, L.A.
                                     SHERIFF'S DEPARTMENT, L.A.
                                     DEPARTMENT OF CHILDREN AND
                                     FAMILY SERVICES

## DECLARATION OF SCOTT J. CARPENTER

I, Scott J. Carpenter, declare as follows:

1. I am an attorney duly admitted to practice before this Court. I am an attorney with Carpenter Rothans and Dumont, attorneys of record for Defendants County of Los Angeles, Los Angeles County Sheriff's Department, and Los Angeles County Department of Children and Family Services. I have personal knowledge of the facts set forth herein, except as to those stated on information and belief and, as to those, I am informed and believe them to be true. If called as a witness, I could and would competently testify to the matters stated herein.

2. This declaration is made is support of defendants' Motion to Dismiss plaintiffs' Complaint for Damages.

3. In an attempt to comply with Local Rule 7-3, on September 5, 2018, counsel for defendants sent a letter by mail and e-mail to plaintiff's counsel informing plaintiff of defendants' intent to file a motion to dismiss as well as the grounds and authority upon which such motion would be based. Attached hereto as Exhibit "A" is a true and correct copy the letter sent to plaintiff's counsel.

4. In an attempt to follow-up on the meet and confer letter, on September 7, 2018, the undersigned called plaintiff's counsel by phone and left a voicemail outlining defendants' intended motion to dismiss and inviting plaintiff to respond as part of meet and confer efforts. As of the filing of the Motion to Dismiss, the undersigned has not heard back from plaintiff's counsel.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed September 14, 2018, at Los Angeles, California.

*/s/ Scott J. Carpenter*

_____

Scott J. Carpenter - declarant