

## Carpenter, Rothans & Dumont

500 SOUTH GRAND AVENUE, 19TH FLOOR
LOS ANGELES, CALIFORNIA 90071
T: 213.228.0400
F: 213.228.0401
www.crdlaw.com

JILL WILLIAMS, ESQ.
jwilliams@crdlaw.com

September 5, 2018

**VIA U.S. MAIL AND EMAIL**

Donald W. Cook, Esq.
3435 Wilshire Blvd., Suite 2910
Los Angeles, CA 90010
Manncook@earthlink.com

      RE:    DANSBY v. COUNTY OF LOS ANGELES, et al.
               Case No. EDCV 16-1165 MWF (KSx)
               Date of Loss: Various
               Our File No.: KA1634

Dear Mr. Cook:

My office has been retained to represent the defendants in the above-entitled action filed by you. Pursuant to Central District of California Local Rule 7-3, please be advised that I intend to file a Motion to Dismiss. The bases for this motion will include the following:

    (1)    The Los Angeles Sheriff's Department and Department of Child and Family Services should be dismissed as named defendants on the grounds of redundancy given that they are sub-parts of the County and courts in this circuit have held that naming as defendants both a municipality and a sub-unit or department of that municipality is redundant, and have therefore dismissed the sub-unit defendants. See, e.g., Mistriel v. Kern County, 2011 WL 864495, at *4 (E.D. Cal. Mar. 10, 2011) (citing Abeytia v. Fresno Police Dep't, 2009 WL 1674568, at *9 (E.D. Cal. Jun. 12, 2009)).

    (2)    The Complaint does not adequately plead the first claim brought pursuant to 42 U.S.C § 1983. In Monell v. Department of Social Services of City of New York, 436

*Donald W. Cook, Esq.*
*Dansby v. County of L.A.*
*September 5, 2018*
*Page: 2*

U.S. 658 (1978), the Supreme Court rejected the proposition that a governmental entity may be held liable under a respondeat superior theory for an injury caused solely by its employees or agents. Instead, the Court held that to maintain a cause of action against a governmental entity for a civil rights violation under 42 U.S.C. § 1983, a plaintiff must establish that the governmental entity had a "custom, practice, and policy" that led to a violation of civil rights. Id. at 694. Sporadic or isolated incidents of unconstitutional activity are not sufficient to impose liability under Monell. Here, there is no underlying "policy," and the allegations are not sufficient to plead a custom or practice to which the plaintiffs can tether their first claim. Even with the new allegations in the First Amended Complaint, plaintiffs cannot establish such "longstanding" "custom or practice" that is so "persistent and widespread" that it constitutes a "permanent and well settled city policy." Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996)..

   (3) The sixth claim is barred given that it is not settled that a private right of action exists pursuant to California Constitution, Article I, § 13. .

I propose that we confer telephonically this Friday September 7, 2018 at 3:00 p.m. to discuss these issues. Please contact me at your earliest convenience if that date and time does not work for you.

Very truly yours,

SCOTT J. CARPENTER

SJC/sjc